Reich v Belnord Partners, LLC (2019 NY Slip Op 00220)





Reich v Belnord Partners, LLC


2019 NY Slip Op 00220


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7212 159841/16

[*1]Elizabeth Reich, et al., Plaintiffs-Appellants,
v
Belnord Partners, LLC, et al., Defendants-Respondents.


Vernon & Ginsburg, LLP, New York (Darryl M. Vernon of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Deborah Riegel of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 14, 2017, which granted defendants' motion to dismiss the claim for rent overcharges and denied plaintiffs' cross motion for summary judgment pursuant to CPLR 3211(c), unanimously affirmed, without costs.
Plaintiffs' claim for rent overcharges based on defendants' failure to charge rent stabilized rents while receiving J-51 tax benefits was correctly dismissed pursuant to CPLR 213-a.
Consistent with both Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (164 AD3d 420, 425-426 [1st Dept 2018], lv dismissed __ NY3d __, 2018 NY Slip Op 90474) and Taylor v 72A Realty Assoc., L.P. (151 AD3d 95, 105-106 [1st Dept 2017]), there was no basis for considering the subject apartment's rental history more than four years before the commencement of the overcharge claim. In Matter of Regina Metro. Co., LLC (164 AD3d at 425-426), we held that fraud is the only exception to the four-year look back period to determine the legally regulated rent on the base date. There is no fraud here. In Taylor v 72A Realty Assoc., L.P. (151 AD3d at 105-106), we permitted a longer look back period under certain circumstances not necessarily indicative of fraud. Those circumstances are not present, where, as here, the tenant received a rent stabilized lease and the landlord registered the rent with DHCR more than four years before any rent overcharge complaint was filed.
In view of the dismissal of the rent overcharge claim, plaintiffs' motion for summary judgment on that claim and the dependent claims for treble damages and attorneys' fees was correctly denied. Plaintiffs abandoned their application for summary judgment on the claims for declaratory and injunctive relief by failing to make any arguments in support thereof on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK